FILED

MAR 03 2008

CLERK
COURT
SOUTHERN DISTRICT COURT
EASTERN DISTRICT OF ILLINOIS
ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

EAST ST. LOUIS DIVISION

| | |
|---|---|
| MICHAEL D. ROBINSON, ) | Docket No. 08-162-JPG |
| Reg. No. R-16701, ) | |
| ) | |
| Menard Correctional Center, ) | |
| Menard, Illinois 62259. ) | |

---

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. §2254
BY A PERSON IN STATE CUSTODY

---

MICHAEL D. ROBINSON,

Petitioner,

vs.

DONALD HULICK, Warden,

Respondent.

## PETITION

1.  Institutional Address:  Menard Correctional Center
    P.O. Box 711, Kaskaskia, Menard, Illinois 62259.

2.  Name and location of Court in which conviction was obtained:
    Circuit Court of the Nineteenth Judicial Circuit, Lake
    County, Waukengan, Illinois.  (Case No. 02-CF-1305)

3.  The Honorable Raymond J. McKoski was the presiding Judge
    during pre-trial, trial and sentencing proceedings.

4.  Date of conviction:  August 21, 2002.

5.  (a). Petitioner was convicted of, First Degree Murder,
    720 ILCS 5/9-(a)(1).

    (b). Petitioner was charged under one (1) indictment.

6.  (a). No preliminary hearing was necessary in case <u>sub judice</u>.

    (b). Petitioner was represented at arraignment and plea by;
    Mr. Greg Ticsay and Mr. Neal Takiff, Office of the Public
    Defender, 15 South County Street, Waukegan, Illinois
    60085, (847) 377-3360.

    (c). Petitioner was represented at trial by; <u>See</u>, Par. 6(b),
    <u>supra.</u>

    (d). Petitioner was represented at sentencing by; <u>See</u> Par.
    6(b), <u>supra</u>.

    (e). Petitioner was represented on direct appeal by;
    Originally; Mr. G. Joseph Weller, Deputy Defender, Office
    of the State Appellate Defender, 2010 Larkin Avenue,
    Elgin, Illinois 60123 (847) 695-8822; transferred to,

-2-

Mr. Duane E. Schuster, Assistant Defender, Office of the
State Appellate Defender, Supreme Court Unit, P.O. Box
5720, 400 South Ninth Street, Suite 101, Springfield,
Illinois 62705-5720, (217) 782-1989.

7.   Petitioner plead "not" guilty to all charges.

8.   Petitioner was sentence to     thirty-eight (38) years for
First Degree Murder on October 22, 2002.

9.   (a). Petitioner had a trial by jury.

(b). Petitioner did testify at trial.

10.  Appeal(s):

(a). Petitioner did appeal his criminal conviction.

(b). In the Appellate Court of Illinois, Second Judicial
District, Appellate Court Building, 55 Symphony Way,
Elgin, Illinois 60120-5558; Case No. 2-02-1171.
Notice of Appeal was filed on October 22, 2002.
Petitioner's conviction and sentence was affirmed by
the Appellate Court on November 24, 2004, in a RULE 23
ORDER, People v. Robinson, No.2-02-1171 (Ill.App.Ct.
5th Dist.)(November 24, 2004).

Ground(s) raised on direct appeal;

(1). PROSECUTOR MICHAEL MERMEL'S INFLAMMATORY CLOSING ARGUMENT,
INCLUDING STATEMENTS THAT THE JURORS WOULD VIOLATE THEIR
OATHS IF THEY FAILED TO CONVICT, AND THAT WOULD CONSTITUTE
"A TRAVESTY OF JUSTICE" IN WHICH "YOUR SYMPATHY IS BOUGHT
WITH THE BLOOD OF GEOFFERY DUPONT," DEPRIVED [PETITIONER]
OF THE RIGHT TO A FAIR TRIAL UNDER THE DUE PROCESS CLAUSES
OF BOTH THE ILLINOIS AND FEDERAL CONSTITUTIONS: AND THIS
ERROR WAS SO FUNDAMENTAL THAT THE ONLY APPROPRIATE REMEDY
FOR THIS EGREGIOUS MISCONDUCT IS REVERSAL AND REMAND FOR
A NEW TRIAL.

(2). THE TRIAL COURT FAILED TO SIGNIFICANTLY FACTOR [PETITIONER'S] POTENTIAL FOR REHABILITATION INTO HIS 38-YEAR SENTENCE FOR MURDER, AS REQUIRED UNDER THE ILLINOIS CONSTITUTION'S COMMAND THAT THE SENTENCE PROMOTE THE OBJECTIVE OF RESTORING THE OFFENDER TO USEFUL CITIZENSHIP, WHERE THE DECEDENT THREATENED TO KILL THE 38-YEAR OLD, DIABETIC [PETITIONER], WHO REACTED WHILE UNDER THE INFLUENCE OF COCAINE - YET THE JUDGE ACCORDED THIS NO MITIGATING WEIGHT: THE [PETITIONER] HAD NO PRIOR RECORD OF SERIOUS OR VIOLENT CRIMINAL OFFENSES, AND; BEFORE THE OFFENSE, THE [PETITIONER] WAS A HARD WORKING, PRODUCTIVE CITIZEN WHOM SEVERAL FRIENDS AND FAMILY HIGHLY REGARDED AS LOVING, CARING, AND COMPASSIONATE PERSON.

(c). Petitioner did appeal the result to the highest State Court having jurisdiction.

(d). Petitioner has attached the Supreme Court of Illinois Order hereto, See, APPENDIX - EXHIBIT #1.

Supreme Court of Illinois, Supreme Court Building, Springfield, Illinois 62701.

Petitioner  filed his Petition For Leave To Appeal ("PLA") on  December 29, 2004, which the Court denied on March 30, 2005, with the mandate issued on April 21, 2005; People v. Robinson, No. 99794 (Ill.S.Ct.)(March 30, 2005)

Ground(s) raised;

(1). See, Par. 10(b)(1), supra.

(2). See, Par. 10(b)(2), supra.

(e). Petitioner did not need to seek permission to file a late appeal.

11.     Post Conviction Collateral Proceeding(s):

(a). Other than a direct appeal as setforth supra, Petitioner did file a  pro se PETITION FOR POST-CONVICTION RELIEF in the State Circuit Court.

-4-

(b). The following is relevant information.

(A). First Petition For Post-Conviction Relief ("Petition").

(1). The Petition was filed in the Circuit Court of the Nineteenth Judicial Circuit of Illinois, Lake County, Waukengan, Illinois, before the Honorable Victoria A. Rossetti, judge presiding.

(2). Petitioner filed his Petition on September 22, 2005.

(3). Petitioner proceeded under Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et. seq..

(4). Grounds Raised:

(i). APPELLATE COUNSEL AND TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, AND THEY WERE NOT FUNCTIONING AS COUNSEL GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 §8 OF THE ILLINOIS STATE CONSTITUTION DUE TO THE FOLLOWING ERROR [WHEREAS] APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE ON DIRECT APPEAL TRIAL COUNSEL'S FAILURE TO OBJECT TO THE USE OF SHACKLES DURING PETITIONER'S TRIAL IN VIOLATION OF HIS 14th AMENDMENT RIGHT TO DUE PROCESS OF THE LAW.

(5). Petitioner did not receive an evidentiary hearing on his Petition.

(6). The Circuit Court held Petitioner's claim was without merit and his Petition did not raise a gist of a constitutional claim, whereby denying his Petition.

(7). The Circuit Court summary dismissal was filed on December 19, 2005 with the Clerk of the Circuit Court. Petitioner has attached said ORDER hereto, See, APPENDIX - EXHIBIT #2.

(8). Petitioner did appeal the dismissal of his Petition to the highest State Court having jurisdiction.

(a).  Petitioner filed a timely Notice of Appeal in the
      Circuit Court on January 10, 2005, appeal taken in the
      Appellate Court of Illinois, Second Judicial District,
      being represented by Mr. Paul J. Glaser, Assistant
      Defender, Office of the State Appellate Defender, 2010
      Larkin Avenue, Elgin, Illinois 60123, Case No. 2-06-0037,
      raising the following issue of error;

(i).  [PETITIONER] RAISED THE GIST OF A CONSTITUTIONAL CLAIM
      THAT NEITHER TRIAL NOR APPELLATE COUNSEL PROPERLY
      CHALLENGED THE DENIAL OF HIS RIGHT TO DUE PROCESS AND
      TO CONFER WITH COUNSEL WHEN HE WAS SHACKLED DURING HIS
      TRIAL WITHOUT AN INQUIRY INTO THE NEED FOR THE
      RESTRAINTS AND THEREFORE THE SUMMARY DISMISSAL OF HIS
      [PETITION] WAS ERRONEOUS.

(b).  The Appellate Court affirmed the Circuit Court's summary
      dismissal of Petitioner's Petition on July 23, 2007, in
      a published opinion. (People v. Robinson, ___Ill.App.3d
      ___ (2nd Dist. No. 2-06-0037, July 23,2007.)

(c).  Petitioner file a timely Petition For Leave To Appeal
      ("PLA") to the Illinois Supreme Court on or about
      September 11, 2007, raising the following  constitutional
      claim of error, as setforth in Par. 4(i) and 8(a)(i),
      supra.

(d).  The Illinois Supreme Court denied Petitioner's PLA on
      November 29, 2007, with the mandate issued January 4,
      2008; People v. Robinson, No. 105267 (Ill.S.Ct.)(November
      29, 2007)  See, APPENDIX - EXHIBIT #3.

12.  Other Remedies:  N/A

13.        Ground(s) for Federal Habeas Corpus:

(A).    Ground One:

> PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE
> PROCESS AND EQUAL PROTECTION AND RIGHTS GUARANTEED BY
> THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO
> THE UNITED STATES CONSTITUTION WHERE THE TRIAL COURT
> ERRONEOUSLY HAD PETITIONER IN PHYSICAL RESTRAINTS AT
> TRIAL VISIBLE TO JURY WITHOUT MAKING A DETERMINATION
> THAT SAID RESTRAINTS WERE JUSTIFIED AND THE STATE
> COURT DECISION WAS CONTRARY TO CLEARLY ESTABLISHED
> FEDERAL LAW, REQUIRING THE GRANTING OF THE WRIT.

(A1). It is apparent from the review of the trial record that
the parties were aware of the prejudice that might result the jurors'
learning Petitioner was in custody. A little more than a week before
trial. Judge McKoski indicated that arrangements were made to make
sure Petitioner had street clothes to wear at trial. (R.50) And later
at trial, before Petitioner was to take the stand in his own defense,
the Judge reviewed the procedure that would be used to permit him to
assume the witness stand without having the jury see the shackles.
(R.644) These expressions of  concern concede the inherent prejudice
which Petitioner faced if the jury saw him shackled.

(A2). Despite this outward concern for avoiding prejudice, when
defense counsel Ticsay asked prior to start of trial whether leg
shackles could be removed from Petitioner, the Judge showed a different
attitude. Refusing counsel's request, the Judge merely directed that
furniture or other items be arranged to hide the shackles, stating,
"I have been doing this for 17 years and the same layout. We haven't
had a problem". (R.79)

(A3). After voir dire concluded the same day, counsel Ticsay
told the Court a "small problem" in fact happen. During a break in
the proceedings, while Petitioner was being allowed by the guards
to stretch his shackled legs, a juror walked into the court room.

-7-

A deputy ushered the juror out of the courtroom and another officer attempted to block her view. Counsel Ticsay did not know whether the juror saw the shackles. (R.322) The Judge thanked counsel for the information. (R.323) At no time did counsel ever press the issue by requesting to question the juror in chambers, or formally express an object to the shackles, or preserve any such claim in his post-trial motion. Clearly this was ineffective assistance of counsel. (See, Ground Two, infra.)

(A4). That equally as prejudicial as Juror No. 291 seeing Petitioner in shackles as setforth in Par. (A3) supra, was the procedure used when Petitioner exercised his constitutional right to testify. Petitioner was required to have the jury removed from the Courtroom, he was seated in the witness stand and the jurors were returned to hear his testimony and removed again until this Petitoner was reseated at the defense table. Clearly, this alerted the jurors that Petitioner was treated differently than any other witness. Additionally, the Petitioner was wearing a "body belt" around his waist, as discribed by one the the security officers, which the juror's could see. (R.646-715)

(A5). It is the judge's responsibility to protect Petitioner's constitutional rights and that he receives a fair trial. The Judge failed this Petitioner on both fronts and it was clearly an abuse of discretion and erroneous for the Judge to have Petitioner in the unnecessary physical restraints without making a determination that said restraints were justified. The Judge compounded the error when he failed to sua sponte inquire if Juror No.291 saw the shackles and to make other proper inquires if any juror saw the body belt or to give any proper instruction to offset the prejudice suffered.

-8-

(A6). There is absolutely nothing in the record that would suggest Petitioner was a threat to the Court, jurors or anyone else, nor that he was an escape risk. Additionally, Petitioner was in no form or fashion disrupted. The record is perfectly clear, there was no justification for this Petitioner being physically restrained. And Petitioner was just as clearly prejudice by this.

(A7). The unnecessary restaints hindered Petitioner's ability to assist his counsel, ran afoul of his presumption of innocence and demean both Petitioner and the proceedings.

(A8). The Appellate court's decision was contrary to clearly established Federal law.

(A9). Petitioner never denied killing the victim, but raised the affirmative defense of self-defense. With the inherently prejudicial practice demonstrated to the jury that Petitioner was dangerous and untrustworthy and in their eyes Petitioner was branded with an unmistakable mark of guilt.

(10A). That based on the facts setforth in paragraphs A1 through A9, supra, it is clear the abuse of the court's discretion in making Petitioner wear physical restraints during trial violated Petitioner's constitutional rights entitling him to the granting of the Writ and the requested relief thereof.

(A11). Petitioner has raised the claim setforth in Ground One in the State Court and to the Illinois Supreme Court, (See, Par. 4(i), 8(a)(i), and 8(c), supra.).

(B).   <u>Ground Two</u>:

> PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE
> PROCESS, EQUAL PROTECTION AND EFFECTIVE ASSISTANCE OF
> TRIAL COUNSEL AND RIGHTS GUARANTEED BY THE FIFTH,
> SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED
> STATES CONSTITUTION WHERE TRIAL COUNSEL FAILED TO
> OBJECT AND/OR RAISE IN THE POST-TRIAL MOTION THE
> ERRONEOUS RULING BY THE TRIAL COURT TO HAVE PETITIONER
> IN PHYSICAL RESTRAINTS AT TRIAL VISIBLE TO THE JURY
> WITHOUT MAKING A DETERMINATION THAT SAID RESTRAINTS
> WERE JUSTIFIED AND THE STATE COURT DECISION WAS
> CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW, REQUIRING
> THE GRANTING OF THE WRIT.

(B1). The underlying constitutional deprivation suffered by
Petitioner and facts related thereto is setforth in <u>Ground One</u>,
Par. A1 thru A9, <u>supra</u>, and Petitioner incorporates said facts
herein as if fully setforth herein by reference for consideration.

(B2). Trial counsel's representation fell below an objective
standard of reasonableness and said deficient performance resulted
in prejudice to Petitioner, whereas the failure compromised his
ability to assist counsel and appear before the jury as a guilty
man. There can be no reasonable trial strategy to excuse this failure.

(B3). The Appellate Court's decision was contrary to clearly
established Federal law.

(B4) That based on the facts setforth in paragraphs B1 through B3,
<u>supra</u>, it is clear counsel's performance was deficient and was
prejudicial, violating Petitioner's constitutional rights entitling
him to the granting of the Writ and the requested relief thereof.

(B5). Petitioner has raised the claim setforth in <u>Ground Two</u>
in the State Court and to the Illinois Supreme Court, (<u>See</u>, Par.
4(i), 8(a)(i), and 8(c), <u>supra</u>.).

-10-

(C).    Ground Three

> PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE
> PROCESS AND EQUAL PROTECTION AND RIGHTS GUARANTEED BY
> THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO
> THE UNITED STATES CONSTITUTION WHERE THE PROSECUTORIAL
> MISCONDUCT DURING CLOSING AND REBUTTAL ARGUMENTS WHICH
> INCLUDE BUT NOT LIMITED TO THE PROSECUTOR MAKING HIGHLY
> IMPROPER AND PREJUDICIAL ARGUMENTS DESIGNED TO BE
> INFLAMATORY AND DID, IN FACT, INFLAME AND AROUSE THE
> PASSIONS OF THE JURORS, ERRONEOUSLY EXPRESSED AND
> ARGUED HIS OWN OPINION, ARGUING FACTS WHICH NO EVIDENCE
> OF RECORD GAVE SUPPORT OR MISSTATED THE EVIDENCE OF
> RECORD, IMPROPERLY VOUCHED FOR THE CREDIBILITY OF STATE
> WITNESSES AND TO EVOKE SYMPATHY FOR THE VICTIM AND HIS
> FAMILY AND IMPROPERLY SHIFTED THE BURDEN OF PROOF, WHICH
> BOTH INDIVIDUALLY AND CUMULATIVELY RESULTED IN
> SUBSTANTIAL PREJUDICE TO PETITIONER AND BEING A MATERIAL
> FACTOR IN HIS CONVICTION, AND SAID MISCONDUCT WAS SO
> EGREGIOUS THAT  PETITIONER'S TRIAL WAS FUNDAMENTALLY
> UNFAIR AND THE STATE COURT'S DECISION WAS CONTRARY TO
> CLEARLY ESTABLISHED FEDERAL LAW, REQUIRING THE GRANTING
> OF THE WRIT.

(C1).    The prosecutorial misconduct in the case sub judice was

so blatant during closing and rebuttal arguments (R.736-750; 769-89),

that the overwhelming majority of the argument was improper and cross

the line of professional conduct. Although defense counsel objected

to some of the prejudicial remarks, a bell can not be unrung, those

remarks no objected to is further support showing the denial of

effective assistance of counsel. (See, Ground Two, supra)

(C2).    The prosecutor stated, "[T]o attack Julie DuPont, the

victim's eyewitness as being a liar from what she said on the witness

stand was so pathetic I don't even need to respond to that". (R.784)

Said witness was the victim's wife and was not an eyewitness, there-

for improperly misstated the evidence, vouching for the witness'

credibility and evoking sympathy for the victim and his family, and

expressed his own personal opinion.

(C3).  The prosecutor improperly shifted the burden to the defense where he was stressing the word "lesser" in lesser offense. He compounds the misconduct when he stated, "He hasn't come close to proving anything based on that ridiculous testimony. But for anybody to buy that story and find him guilty of second degree murder would be an injustice. I would contend a travesty of justice". (R.787-88) By misstating the burden through improper suggestion and to express his own personal opinion is constitutional unacceptable.

(C4).  The prosecutor improperly stated, "In the waning moments one thing you have to realize is you are going to get a second degree murder instruction or what a mitigating factor is. I don't have time to read it ** What does that mean? Does that mean that no matter how unreasonable his belief is... You are going to decide what that means. What it doesn't mean though is if someone looks at you cross-eyed... you can kill them." (R.788). Again the prosecutor crosses the line, in shifting the burden, expressing his own personal opinion and attempting to inflame the jury. It is evident that this improper remark effected the jury whereas during deliberation, the jury sent a note asking to see the Petitioner's testimony and have mitigating factor defined. (R.815) The trial court erroneously failed to honor either request by the jury, adding to the prejudice to Petitioner.

(C5).  The prosecutor improperly stated, "The [Petitioner's] rights have been respected in this case. The victims have rights too" and went on to state the victim Geoffery Dupont had the right not to have his skull caved in and blood splattered across the floor;

-12-

to be stuffed, have a plastic bag stuffed down his throat and his
face duct taped   to sufficate; to be dumped in the garbage can and
referred to by the Petitioner as just some trash. (R.790) To equate
the constitutional rights of a crime defendant with the victim's
suffering and death was nothing more than an attempt to inflame and
arouse the passions of the jury and evoke sympathy for the victim.

(C6).  The prosecutor continued his misconduct by stating, "You
all took an oath as jurors *** if you compromise your verdict when the
true evidence has shown him guilty of first degree murder, you have
violated you oaths. *** If your evidence proves him  guilty of first
degree murder and you find him guilty of only second degree murder
out of pity, then your sympathy is bought with the blood of Geoffery
DuPont. *** Thank you. I beg you ladies and gentlemen, please do not
find him guilty of second degree murder." (R.789-90) Although expressed
in three subtle variations, these improper statements actually
expressed one central idea, forcefully driven home to the jury, that
it was not doing its sworn duty unless it voted to convict this
Petitioner of first degree murder. Petitioner was prejudiced by the
misstating  the applicable law, insulting the jury and invaded   the
jury's independent prerogative to impartially determining the verdict
based soley of the evidence. Again, this is constitutionally unaccept-
able and resulted in a fundamentally unfair trial.

(C7).  What maybe the most blatant of the overwhelming acts of
misconduct was when the prosecutor feigned weeping while he begged
the jury not to find Petitioner guilty of second degree murder. It
was pointed out to the judge by defense counsel, where he stated,

-13-

"I also object at his last comment in which when he begged the jury not to find him guilty of second degree murder, I believe Mr. Mermel was weeping." The prosecutor responded, "I was emotionally overcome. That is true. There were no tears. I am sorry. I apologize." The only response by the court was, "I appreciate that." (R.814) The prosecutor later during post-trial proceedings to excuse his clear attempt to prejudice the jury by claiming, "Again I object and I am not personally offended but counsel still refers to closing argument as crying by the State's attorney. My voice did break I admit but there was no crying." The trial court erroneously stated, "Okay. There was no crying." (R.840) It will be noted, that the feigned weeping and prejudicial remarks were the last the jury heard or saw and this Petitioner had no chance to response nor were they instructed to disregard. The misconduct and resulting prejudcie is unmistakable.

(C8).  In addition to the numerous prejudicial comments by the prosecutor setforth <u>supra</u>, and certianly not limited thereto, the prosecutor's overwhelming number of references to Petitioner's "Lies", "Lying", being a "Liar" was extremely prejudicial, whereas there was no evidence of record that Petitioner lied or his testimony was false.

(C9).  This Court can take judicial notice of the fact that the State of Illinois' highest court has made a public record of the pervasive pattern of prosecutorial misconduct that deliberately undermines the process by which a defendant's guilt or innocence is determined. If any case needs corrective action to preserve the integrity of the judicial process, it is the case <u>sub judice</u>.

-14-

(C10).  State's Attorneys are representatives of all the people, including Petitioner and it is as much their duty to safeguard the constitutional rights of Petitioner as those of any other citizen. To be sure, the State is expected to prosecute with earnestness and vigor, but while they may strike hard blows, they are not at liberty, as in the case <u>sub judice,</u> to strike foul ones. Both individually and moreso cumulatively, the prosecutorial misconduct rendered Petitioner's trial fundamentally unfair, and was truly a "travesty of justice".

(C11).  The Appellate Court's decision was contrary to clearly established Federal law.

(C12).  That based on the facts setforth in paragraphs C1 through A10, <u>supra</u>, and the record before this Court, it is clear that the prosecutorial misconduct violated Petitioner's constitutional rights entitling him to the granting of the Writ and the requested relief thereof.

(C13).  Petitioner has raise the claim setforth in <u>Ground Three</u> in State Court and to the Illinois Supreme Court, (<u>See</u>, Par. 10(b)(1), and 10(d)(1), <u>supra</u>.).

D.    <u>Ground Four</u>

PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS, EQUAL PROTECTION AND EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AND RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE APPELLATE COUNSEL'S FAILURE TO RAISE ALL MERITORIOUS CLAIMS OF ERROR ON APPEAL RESULTED IN PREJUDICE TO PETITIONER AND THE STATE COURT'S DECISION WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW, REQUIRING THE GRANTING OF THE WRIT.

(D1).  Petitioner was denied effective assistance of appellate counsel where counsel failed to raise and argue on direct appeal all meritorious claims of error, including, but not limited to;

(a).  The trial court erroneously had Petitioner in physical restraints at trial visible to jury without making a determination that said restraints were justified, as setforth in Ground One, at Par. A1 thru A9, at pages 7-9, supra. The facts are hereby being incorporated herein as if fully setforth herein for consideration by reference.

(b).  The trial counsel was ineffective for failing to object and/or raise in the Post-trial motion the erronoeous ruling by the trial court to have Petitioner in physical restraints at trial visible to the jury without making a determination that said restraints were justified, as setforth in Ground Two, at Par. B1 thru B2, at page 10, supra. Petitioner is hereby incorporated herein as if fully setforth herein those facts for consideration by reference. Trial counsel was also ineffective for failing to object to all prejudice remarks by the prosecutor as setforth in Ground Three, at C1 thru C10, at pages 11-15, specifically Par. C1, supra, which appellate counsel failed to raise and argue.

(D2).  The Appellate Court's decision was contrary to clearly established Federal law.

(D3).  That based on the facts setforth in paragraphs D1 through D2,and sub-paragraphs thereof, supra, it is clear the claim setforth in Ground Four, the ineffective assistance of appellate counsel denied his constitutional rights entitling him to the granting of the Writ and the relief requested thereof.

(D4).    Petitioner has raised the claim setforth in <u>Ground Four</u> in the State Court and to the Illinois Supreme Court, (<u>See</u>, Par. 4(i) and 8(a)(i), <u>supra</u>.)

14.        N/A

15.        Petitioner has no petition or appeal now pending in any State or Federal Court regarding the conviction under attack herein.

16.        This Petition is not a second or successive petition.

FUTURE SENTENCE

Petitioner does not have any future sentence to serve after completion of sentence imposed by conviction under attack.

REQUEST FOR RELIEF

Petitioner prays for all the above claimed reasons for this Honorable Court to;

(a).    Issue a Writ of Habeas Corpus that Petitioner be brought before this Court to be discharged from his unconstitutional confinement and relieve of his unconstitutional conviction;

(b).    Issue a Writ of Habeas Corpus that Petitioner be remanded to the State Circuit Court and be given a new trial;

(c).    Conduct a hearing which proof may be offered concerning the allegations of constitutional error herein;

(d).    Permit Petitioner, who is indigent, to proceed in forma pauperis without the prepayment of fees and cost, supported by the attached "In Forma Pauperis Application and Financial Affidavit."

-17-

(e).    Appointment of counsel, as supported by the attached "Motion For Appointment Of Counsel";

(f).    Grant Petitioner, who is indigent, sufficient funds to secure expert testimony necessary to prove the facts alleged herein this Petition and sufficient funds to take necessary depositions;

(g).    Grant Petitioner, upon his request, the authority to obtain subpoenas in forma pauperis for witnesses and documents necessary for an evidentiary hearing;

(h).    Schedule filing for legal briefs and memoranda in support of the issues of law raised in this Petition so the Court may be fully informed; and,

(i).    Grant such other and further relief deemed just, equitable and appropriate in the interest of justice.

### DECLARATION UNDER PENALTY OF PERJURY

I, Michael D. Robinson, the undersigned, certify to the best of my knowledge, information, and belief, that this petition is in full compliance with Rule 11(a) and 11(b) of the Federal Rules Of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and 11(b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

Signed this _27_ day of February, 2008

/s/ Michael D Robinson

Michael D. Robinson, Pro Se
Reg. No. R-16701
Menard Correctional Center
P.O. Box 711
Menard, Illinois 62259

-18-

STATE OF ILLINOIS   )
                    ) SS.
COUNTY OF RANDOLPH  )

## CERTIFICATION OF VERIFICATION

I, Michael D. Robinson, being first duly sworn upon oath, hereby certifies under the penalty of perjury pursuant to 28 U.S.C. §1746, that I am the Petitioner in the above-entitled cause, that I have read the attached PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2254 BY A PERSON IN STATE CUSTODY, which was prepared  by a Prisoner At Law assisting me, and I fully understand the claims raised therein, and the facts contained therein are true and correct in substance and in fact to the best of my knowledge, except as to matters stated to be on information and belief and as to such matters as foregoing that I believe the same to be true and I affix my hand to sign this _27_ day of February, 2008, attesting to the truth thereof.

I, Michael D. Robinson, further certifies under the penalty of perjury that I have filed the attached PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2254 BY A PERSON IN STATE CUSTODY, in good faith, by depositing the same in the U.S. MAIL through the internal institutional mail system at the Menard Correctional Center, Menard, Illinois 62259, in accordance with IDOC policy and procedure and as required by Rule 3(d) of the Rules Governing Section 2254 Cases, with sufficient prepaid first class postage and properly addressed to the Clerk of this Court and served upon opposing parties.

DATED: February 27, 2008

/s/ Michael Robinson
        Michael Robinson, Affiant

A P P E N D I X

EXHIBIT #1  -  Supreme Court of Illinois ORDER denying
              Petition For Leave To Appeal, March 30, 2005.    1

EXHIBIT #2  -  Circuit Court ORDER summary dismissal of
              Petition For Post-Conviction Relief,
              December 19, 2005.                               2-4

EXHIBIT #3  -  Supreme Court of Illinois ORDER denying
              Petition For Leave To Appeal, November 29, 2007. 5

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

99794



MAR 3 1 2005

*Office of*
The State Appellate Defender
*SUPREME COURT UNIT*

March 30, 2005

Mr. Duane E. Schuster
Assistant Appellate Defender
400 South 9th Street, P.O. Box 5750, S#102
Springfield, IL 62705-5750

No.  99794 - People State of Illinois, respondent, v. Michael
           D. Robinson, petitioner.  Leave to appeal,
           Appellate Court, Second District.

The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court

on April 21, 2005.

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF LAKE           )

F I L E D

DEC 1 9 2005

CIRCUIT CLERK

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS      )
                                         )
                                         ) NO. 02 CF 1305
                                         )
        vs.                              )
                                         )
MICHAEL ROBINSON                         )
                                         )

## O R D E R

This matter coming before the Court on Petitioner's Petition for

Post-Conviction Relief pursuant to 7o25 ILCS 5/122.1, the Court having received

the Petition, the trial court record, transcripts and Appellate Court opinion; finds

as follows:

1. The Petitioner was convicted of first degree murder after a jury trial and was

sentenced on October 22, 2002 to 38 years in the Illinois Department of

Corrections.

2. The Second Appellate District affirmed the conviction and sentence on

November 24, 2004.

3. That the Petitioner was denied leave to appeal to the Supreme Court on

March 30, 2005.

4. The Petitioner filed his Petition for Post-Conviction Relief on September 22,

2005.

5. Petitioner's claim that trial counsel and Appellate Counsel were ineffective for failing to object during trial or raise on direct appeal the use of shackles during the trial. The Petitioner does not merit the two-prong test set out in <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668 (1984).

With regard to trial counsel there is nothing to show that counsel's representation fell below an objective  standard of reasonableness and that but for this deficiency, there is a reasonable probability that counsel's performance was prejudiced to the defense, that is that the result of the proceeding would have been different.

The transcript referenced by Petitioner (pg. 252 of May 8, 2002) shows that the trial counsel did bring this issue before the court. And so with regard to trial counsel the argument is without merit.

With regard to Appellate Counsel the two-prong test of <u>Strickland</u> v. <u>Washington</u> also applies Appellate Counsel's choices concerning which issues to pursue are normally entitled to substantial deference and the Petitioner has not alleged any facts showing the failure to raise the issue of shackles was objectively unreasonable and that such a decision prejudiced the Petitioner. <u>People</u> v. <u>Mack</u>, 167 Ill.2d 525 (1995); <u>People</u> v.<u>Simms</u>, 192 Ill.2d 348 (2000)

This claim is without merit.

WHERFORE, THE Court finds that the Petition does not raise the gist of a constitutional claim.

THEREFORE, the Court summarily dismisses the Petition for

Post-Conviction Relief.

ENTERED:

VICTORIA A. ROSSETTI,
Circuit Judge

Dated at Waukegan, Illinois
this____day of December, 2005

**EXHIBIT #2: (4)**

3

105267

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

November 29, 2007

Mr. Michael D. Robinson
Reg. No. R-16701
Menard Correctional Center
P. O. Box 711
Menard, IL 62259

No. 105267 - People State of Illinois, respondent, v. Michael
          D. Robinson, petitioner.  Leave to appeal,
          Appellate Court, Second District.

The Supreme Court today DENIED the petition for leave to
appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court
on January 4, 2008.

EXHIBIT #3: (5)